UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF MODERN AMERICAN RECYCLING SERVICES, INC., as Owner and Operator of M/V M.A.R.S. LOKI PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 26-395<br><br>SECTION M (3) |

**ORDER & REASONS**

Before the Court is claimant Alisha LaFleur's motion to dissolve injunction and permit prosecution of state court action upon filing of limitation stipulations.[1] Limitation petitioner Modern American Recycling Services, Inc. ("MARS") responds in opposition.[2] Alisha and Draco LaFleur (together, "Claimants") reply in further support of the motion,[3] filing amended limitation stipulations.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because the amended limitation stipulations sufficiently protect MARS' rights under the Shipowners' Limitation of Liability Act.

## I. BACKGROUND

This is a limitation action arising out of an incident concerning a MARS towing vessel and Claimants' recreational fishing vessel. According to Claimants, on August 24, 2026, Alisha LaFleur sustained injuries when a rope became entangled with the engine/propulsion system of Claimants' boat.[5] Claimants allege that as they were navigating their recreational vessel along the Atchafalaya River, the vessel abruptly stopped, throwing Alisha forward, causing her to strike the

---

[1] R. Doc. 11.
[2] R. Doc. 25.
[3] R. Doc. 30.
[4] R. Doc. 29.
[5] R. Docs. 7 at 6-7; 24 at 4-5.

boat.[6] Draco LaFleur then examined the engine and claims he found a rope entangled with the boat's engine and propellers.[7] The rope bore a tag identifying it with the M/V *M.A.R.S. Loki*[8] – "a towing vessel owned and operated by MARS."[9] Because of MARS' negligence in causing the accident, assert Claimants, Alisha LaFleur sustained injuries, including headaches, migraines, and pain in her right shoulder and elbow,[10] and Draco "has sustained severe emotional and mental distress from witnessing the traumatic injuries to his spouse, and a total loss of the society, companionship, and consortium of his wife" due to her injuries.[11]

Alisha LaFleur filed suit in state court against M.A.R.S. Cleaning Services, LLC – of which MARS is a member[12] – on December 23, 2025.[13] That matter was stayed on February 24, 2026, when MARS filed the instant limitation action,[14] and on April 17, 2026, Alisha LaFleur filed her answer and claim in limitation in this action.[15] Alisha LaFleur filed the instant motion on July 7, 2026, along with proposed limitation stipulations designed to preserve MARS' right to litigate its limitation claim before this Court (the "original stipulations").[16] On July 10, 2026, MARS filed its answer to Alisha LaFleur's claim in limitation and a third-party demand against Draco LaFleur pursuant to Federal Rule of Civil Procedure 14(c) – which permits a defendant in an admiralty or maritime action to tender a third-party defendant to the plaintiff.[17] Draco LaFleur filed his answer

---

[6] R. Docs. 7 at 6; 24 at 4-5.
[7] R. Docs. 7 at 7; 24 at 5.
[8] R. Docs. 7 at 7; 24 at 5.
[9] R. Doc. 25 at 2.
[10] R. Doc. 7 at 7.
[11] R. Doc. 24 at 5.
[12] R. Doc. 1 at 4.
[13] *See LaFleur v. MARS Cleaning Servs. LLC*, No. 26-cv-311 (W.D. La. Feb. 3, 2026), R. Doc. 1. M.A.R.S. Cleaning Services, LLC removed the suit to the Western District of Louisiana on February 3, 2026. *Id.* The case was remanded back to state court on August 28, 2026. *LaFleur*, No. 26-cv-311, R. Doc. 20. A motion for reconsideration of the order to remand is currently pending with that court. *See LaFleur*, No. 26-cv-311, R. Doc. 21.
[14] R. Docs. 1; 6 at 2-3.
[15] R. Doc. 7.
[16] R. Docs. 11; 11-2.
[17] R. Doc. 14 at 10.

to the third-party demand on September 14, 2026, in which he also asserts a counterclaim against MARS.[18] In anticipation of Draco LaFleur's answer to the third-party demand,[19] MARS filed several motions to continue the submission date of the instant motion, which this Court granted.[20] And on September 23, 2026, MARS filed its opposition to the instant motion.

MARS contends that the original stipulations are deficient for two reasons. First, because Draco LaFleur's counterclaim "was not filed with any signed stipulations or consent to [the original] stipulations," MARS claims that the original stipulations are not enforceable against him.[21] Second, MARS argues that because the original stipulations' protections only apply to Louisiana state-court actions, they would not protect MARS' rights should MARS remove the state-court action to federal court.[22] In response to MARS' opposition, Claimants sought leave to amend the limitation stipulations,[23] which this Court granted.[24] With the amended limitation stipulations, Claimants purport to remedy and moot the issues raised in MARS' opposition.[25]

On September 28, 2026, Claimants filed the amended limitation stipulations, which are signed by counsel for both of them and include the following terms.[26] Claimants stipulate that this Court maintains exclusive jurisdiction over matters affecting MARS' right to limit its liability, and that they waive any claim of *res judicata* based on a determination by "any court or forum" that could affect the limitation of liability.[27] Claimants also agree that "they will not seek to enforce any judgment, award, or recovery obtained in their favor in any court or forum" that exceeds the

[18] R. Doc. 24.
[19] R. Doc. 25 at 3.
[20] R. Docs. 13; 17; 21; 23.
[21] R. Doc. 25 at 7.
[22] *Id.* at 2, 4-5, 7.
[23] R. Doc. 26.
[24] R. Doc. 28.
[25] R. Doc. 26 at 2.
[26] R. Doc. 29.
[27] *Id.* at 2.

limitation fund "until after this Court has issued its final ruling on whether MARS is entitled to limit its liability."[28]

## II. LAW & ANALYSIS

This motion addresses the relationship between the saving-to-suitors clause and the Shipowners' Limitation of Liability Act (the "Limitation Act"). Under the Limitation Act, "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight." 46 U.S.C. § 30523(a). Claims subject to limitation include "any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without privity or knowledge of the owner." *Id.* § 30523(b). When a shipowner properly files a limitation action in federal court, "the limitation court stays all related claims against the shipowner pending in any forum," and all claimants must file their claims with the limitation court. *In re Magnolia Marine Transp. Co.*, 964 F.2d 1571, 1575 (5th Cir. 1992); Fed. R. Civ. P. Supp. Rule F(3). The federal court maintains exclusive jurisdiction to determine whether and to what extent a shipowner is entitled to limitation under the Act. *In re Magnolia Marine Transp.*, 964 F.2d at 1575. But this exclusivity in jurisdiction is limited by the "saving-to-suitors" clause of 28 U.S.C. § 1333. *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996).

The saving-to-suitors clause reserves a claimant's right to file his claim in a state or federal forum "so long as the vessel owner's right to seek limitation of liability is protected." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001); *see* 28 U.S.C. § 1333(1). The "clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice." *Odeco Oil & Gas*, 74 F.3d at 674. Therefore, in limitation proceedings, the Fifth Circuit

[28] *Id.*

has held that "a district court *must* allow a [claimant's] state court action to proceed" outside of the limitation action, "when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." *Odeco Oil & Gas*, 74 F.3d at 674 (first emphasis added). Because Claimants assert state-law tort claims, their claims are cognizable in both admiralty and law. Claimants may pursue their claims outside the instant limitation action if the amended limitation stipulations comply with "the requirements set forth in *Odeco Oil*" to protect MARS' rights under the Limitation Act. *See In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 972 (5th Cir. 2022).

The Court finds that they do. Claimants acknowledge that "Draco LaFleur is a claimant."[29] As such, and because no other parties have filed claims against MARS in this action, all claimants have joined the amended limitation stipulations.[30] The amended limitation stipulations also clearly state that this Court has exclusive jurisdiction regarding all issues related to the instant limitation action and that, because of Claimants' waiver of *res judicata*, this Court will not be "bound by any other court's findings."[31] And, finally, they provide that Claimants will not seek to enforce a finding by "any court or forum of any type" – including liability – arising from the August 24, 2025 incident and exceeding the limitation fund until after this Court determines MARS' right to limitation.[32] Because the amended limitation stipulations meet the requirements set out in *Odeco Oil*, the Court finds that they adequately protect MARS' rights under the Limitation Act. Therefore, Claimants' state-court action must be allowed to proceed.

[29] R. Doc. 30 at 3.
[30] *See* R. Doc. 29.
[31] *Id.* at 1-2.
[32] *Id.* at 2.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Claimants' motion to dissolve injunction and permit prosecution of state court action upon filing of limitation stipulations (R. Doc. 11) is GRANTED.

IT IS FURTHER ORDERED that in no event may Claimants seek to enforce any judgment or recovery insofar as it may expose limitation plaintiff MARS to liability in excess of the value of the vessel known as the *M.A.R.S. Loki* and her freight, pending adjudication of the verified complaint for exoneration from or limitation of liability in this Court.

IT IS FURTHER ORDERED that the Clerk of Court shall administratively close this limitation of liability action without prejudice to the right of any party to file a motion to reopen the proceedings at such time, if any, it shall become necessary for this Court to determine issues relevant to limitation and/or exoneration. This order shall not be considered a dismissal or disposition of this matter, and should further proceedings become necessary or desirable, any party may file such a motion to reopen the case.

New Orleans, Louisiana, this 1st day of October, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE